United States District Court

Eastern District of California

-oOo-

Ronnie O'Neal Brown,

    Plaintiff,

vs.

Edward S. Alameida, Jr., et al.,

    Defendants.

No. Civ. S-03-2267 FCD PAN P

Order

Plaintiff is a state prisoner without counsel prosecuting a civil rights action.

April 7, 2005, the court granted leave to proceed in forma pauperis and dismissed the original complaint as failing to comply with Fed. R. Civ. P. 8. The court granted plaintiff leave to amend the pleading.

April 29, 2005, plaintiff filed an amended complaint claiming defendants violated his constitutional right to due

process in connection with parole revocation proceedings.  It appears plaintiff presently is confined due to defendants' revocation of his parole in the challenged proceedings. Plaintiff seeks damages.

In order to recover damages for allegedly unconstitutional conviction or imprisonment (including a prison disciplinary violation), or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id.

A judgment in plaintiff's favor would necessarily imply the invalidity of his continued incarceration.

Accordingly, the court hereby orders plaintiff to show cause, within 30 days of service of this order, why this action

1  is not barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  He may
2  satisfy the order to show cause by filing a petition for habeas
3  corpus, which would supercede prior pleading but would be subject
4  to the requirement plaintiff exhaust state judicial remedies.
5       Dated:  May 10, 2005.

<u>/s/ Peter A. Nowinski</u><br>
PETER A. NOWINSKI<br>
Magistrate Judge