United States District Court

Eastern District of California

Ronnie O'Neal Brown,

      Plaintiff,

vs.

Edward S. Alameida, Jr., et al.,

      Defendants.

Civ. No. S 03-2267 FCD PAN P

Order on Request for Counsel

-oOo-

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action.  Plaintiff moved for appointment of counsel on May 16, 2005.

In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel.  <u>Lassiter v. Department of Social Services</u>, 452 U.S. 18, 26-27 (1981).  Section 1915(e)(1) of Title 28 confers discretion

1  upon the court to request counsel represent an indigent civil
2  litigant.  Mallard v. District Court, 490 U.S. 296 (1989).
3       In deciding whether to appoint counsel the court exercises
4  discretion governed by a number of factors, including the
5  likelihood of success on the merits and the applicant's ability
6  to present his claims in light of their complexity.  Weygandt v.
7  Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.
8  Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
9  presumption of regularity in the state's procedures for confining
10 prisoners suggests a lack of likely success and counsels against
11 appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887
12 (7th Cir. 1981).  As a general rule, the court will not appoint
13 counsel unless the applicant shows his claim has merit in fact
14 and law.  Id.  Even if the applicant overcomes this hurdle, the
15 court will not appoint counsel if the law is settled and the
16 material facts are within the plaintiff's possession, viz., they
17 do not require investigation outside the prison walls.  Id. at
18 887-88.
19      Here, plaintiff alleges his constitutional rights were
20 violated when defendants revoked his parole.  The law governing
21 these issues is settled and investigation outside the prison
22 walls is unnecessary to discover material facts.  There is, on
23 the record before the court, no reason to believe appointment of
24 counsel would be of significant benefit.
25
26

Plaintiff's May 16, 2005, request for the appointment of counsel therefore is denied.  Plaintiff may renew the other requests in his May 16, 2005, filing in the event he satisfies the May 11, 2005, order to show cause why this action should not be dismissed.

So ordered.

Dated:  May 19, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge