United States District Court

Eastern District of California

Ronnie O'Neal Brown,

      Plaintiff,

vs.

Edward S. Alameida, Jr., et al.,

      Defendants.

No. Civ. S-03-2267 FCD PAN P

Order

-oOo-

    Plaintiff filed this civil rights action as a state prisoner without counsel.

    The action proceeds on the April 29, 2005, amended complaint, in which plaintiff claims defendants violated his constitutional right to due process in connection with parole revocation proceedings.  Because plaintiff then was confined based on the challenged parole revocation, the court on May 11, 2005, ordered him to show cause why the action should not be dismissed under Heck v. Humphrey.

November 2, 2005, plaintiff filed a notice of change of address that indicates he no longer is confined.

I have reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and find it states a cognizable claim against defendants Fraizer, Phillips and Licita.

The complaint states no cognizable claim against defendant Governor Schwartzenegger because he is entitled to Eleventh Amendment immunity.  Plaintiff's claims against Schwartzenegger are dismissed.

Plaintiff may proceed forthwith to serve defendants Fraizer, Phillips and Licita and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendant Schwartzenegger.

If plaintiff elects to attempt to amend his complaint, he has 45 days so to do.  He is not obligated to amend his complaint and if he does it unavoidably will delay this litigation.

If plaintiff elects to proceed forthwith against defendants Fraizer, Phillips and Licita, against whom he has stated a cognizable claim for relief, then within 15 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Schwartzenegger without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are

true.  It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

3

point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); <u>see</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  It is sufficient, for example, for a prisoner who claims the conditions of his imprisonment violate the Eighth Amendment prohibition against cruel and unusual punishment to allege that an identified state actor used force against plaintiff maliciously and sadistically for the very purpose of causing harm.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). (On the other hand, prison officers imposing discipline act in haste, under pressure and without the luxury of a second chance; therefore, no Eighth Amendment violation occurs where force is applied to maintain or restore discipline but not maliciously and sadistically.)

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. <u>McHenry</u>, <u>supra</u>. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims

4

against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1986). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing a second amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.

Accordingly, the court hereby orders that:

1.  The May 11, 2005, order to show cause is discharged.

2. Claims against defendant Schwartzenegger are dismissed with leave to amend.  Within 45 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint and if he does it inevitably will delay this litigation.

3. The pleading states cognizable claims against defendants Frazier, Phillips and Licita. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed April 29, 2005, three USM-285 forms and instructions for service of process on defendants Frazier, Phillips and Licita.  Within 15 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the April 29, 2005, amended complaint.

The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Frazier, Phillips and Licita will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order

///
///
///
///
///

1

2 dismissing his defective claims against defendant Schwartzenegger without prejudice.

3    Dated:  December 27, 2005.

4
                                    /s/ Peter A. Nowinski
5                                   PETER A. NOWINSKI
                                    Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

United States District Court

Eastern District of California

Ronnie O'Neal Brown,

     Plaintiff,          No. Civ. S 03-2267 FCD PAN P

  vs.                  Notice of Submission of Documents

Edward S. Alameida, Jr., et al.,

     Defendants.

-oOo-

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_ completed summons form

    \_\_\_\_ completed forms USM-285

    \_\_\_\_ copies of the _____
                      Amended Complaint

Dated: _____

                            _____
                            Plaintiff